UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JESSICA ANN TIJERINA,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF IDAHO, CANYON COUNTY PROSECUTORS, MATTHEW R. THOMPSON, T. SHANE DARRINGTON,<br><br>Defendants. | Case No. 1:24-cv-00093-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

### INTRODUCTION

Before the Court is Jessica Ann Tijerina's application to proceed *in forma pauperis* (Dkt. 1). The Clerk of the Court conditionally filed Ms. Tijerina's Complaint as a result of her in forma pauperis request. *See* Dkt. 2. Pursuant to 28 U.S.C. § 1915, the Court must review Ms. Tijerina's application to determine whether she is entitled to proceed in forma pauperis—which permits civil litigants to proceed without prepayment of the filing fee or to pay the filing fee over time. *Rice v. City of Boise City*, No. 1:13-cv-00441-CWD, 2013 WL 6385657, at *1 (D. Idaho Dec. 6, 2013). Because she is filing to proceed in forma pauperis, 28 U.S.C.

**MEMORANDUM DECISION AND ORDER - 1**

§ 1915(e)(2)(b), the Court may "dismiss the case at any time if the court determines . . . the action . . . fails to state a claim on which relief may be granted." For the reasons discussed below, Ms. Tijerina's application to proceed in forma pauperis is granted, but her Complaint is dismissed with leave to amend.

## ANALYSIS

### A. The IFP Application

Plaintiffs who wish to pursue civil lawsuits in this district must pay a filing fee. 28 U.S.C. § 1914(a). If plaintiffs wish to avoid that fee, they must submit an affidavit showing they are unable to pay. 28 U.S.C. § 1915(a). "An affidavit in support of an *in forma pauperis* application is sufficient where it alleges that affiant cannot pay the court costs and still afford the necessities of life." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015). "[A] plaintiff seeking IFP status must allege poverty with some particularity, definiteness and certainty." *Id.* (internal quotation marks omitted). The granting or denial of leave to proceed IFP in civil cases is within the sound discretion of the district court. *O'Loughlin v. Doe*, 920 F.2d 614, 616 (9th Cir. 1990). Ms. Tijerina's affidavit sufficiently states facts supporting her poverty. The Court will, therefore, grant her application to proceed in forma pauperis.

### B. Screening Order

Because Ms. Trask is seeking to proceed in forma pauperis, the Court will

MEMORANDUM DECISION AND ORDER - 2

screen the Complaint under 28 U.S.C. § 1915. The Court must dismiss a case if it determines that the case is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i–iii); *see also O'Neal v. Price*, 531 F.3d 1146, 1151 (9th Cir. 2008).

### 1. The Pleading Standard

During this initial review, courts construe pro se pleadings liberally, giving pro se plaintiffs the benefit of any doubt. *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). Even so, plaintiffs—represented or not—must articulate their claims clearly and allege facts sufficient to support the review of each claim. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992).

Under Federal Rule of Civil Procedure 8(a), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). A plaintiff must plead "enough facts to state a claim that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), which requires that "the plaintiff plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the sufficiency of a complaint, the Court must "accept all factual allegations in the complaint as

true and construe the pleadings in the light most favorable to the" plaintiff. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). The Court is not, however, required to "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (internal citation omitted).

### 2. The Complaint

Ms. Tijerina's Complaint alleges claims against the State of Idaho, Canyon County Prosecutors, and two judges in Canyon County. It is difficult to ascertain the basis of Ms. Tijerina's complaint. She alleges she is the beneficiary of an intervivos trust "with real recordings in Bexar County Texas, U.C.C. records in the Secretary of Texas and Colorado States." *Complaint* at 4, Dkt. 2. She futher alleges that Idaho extradited her from her home in Texas "on fraudulent terms and a false record by a third party," sought jurisdiction based on an addressed she lived at in 2017, took her children, and imposed a no-contact order. *Id.* She requests restitution for false detainment, the return of her children, and property. *Id.* She cites several bases for her claims including Idaho State Trust Law, the Hobbs Act, the Hague Convention, and the Federal Constitution. *Id.* at 3. The Court will address each basis for her Complaint.

    *a.* Idaho State Trust Laws

**MEMORANDUM DECISION AND ORDER - 4**

To the extent Ms. Tijerina brings a claim pursuant to Idaho state trust law, she has failed to state a claim. The general assertion that her claim is brought pursuant to "trust law" is insufficient to provide notice to the defendants of the basis of her claim or whether any such claim is cognizable. Accordingly, any state law claims are dismissed.

    b. Hobbs Act

Ms. Tijerina also alleges a violation of the Hobbs Act. *See* 18 U.S.C. § 1951. The Hobbs Act is a federal criminal statute that prohibits attempted robbery or extortion affecting interstate or foreign commerce. It does not create a private civil right of action. *See Abcarian v. Levine*, 972 F.3d 1019, 1026 (9th Cir. 2020) ("We thus agree with our sister circuits that the Hobbs Act does not support a private civil right of action."). As such, Ms. Tijerina cannot bring any claim under the Hobbs Act.

    c. Hague Convention

"The Hague Convention is a multilateral international treaty on parental kidnapping to which the United States. . . [is] a signatory." *Holder v. Holder*, 305 F.3d 854, 859 (9th Cir. 2002). The purpose of the Convention is to "protect children internationally from the harmful effects of their wrongful removal." *Id*. The International Child Abduction Remedies Act—often referred to as ICARA—

**MEMORANDUM DECISION AND ORDER - 5**

vests federal and state courts with jurisdiction over claims under the convention. 42 U.S.C. § 9003(a).

The Hague Convention is designed to give the "left-behind parent" a remedy in situations where children are kidnapped by one parent and taken to another country. "The Convention's focus is thus *whether* a child should be returned to a country for custody proceedings and not *what* the outcome of those proceedings should be." *Colchester v. Lazaro*, 16 F.4th 712, 717 (9th Cir. 2021). Ms. Tijerina has not alleged that a kidnapping occurred here—the alleged removal was by the state of Idaho, not her children's other parent, and the children appear to have been taken from and remain in the United States. As such, Ms. Tijerina has not stated facts that would support a claim under the Hague Convention and this claim is dismissed.

### d. Federal Constitutional Claims

Ms. Tijerina alleges violations of the federal constitution and the bill of rights. She states that relief "is requested and restitution for false detainment and ankle monitoring, children restored to mother and names of property to be brought back to trustee." *Complaint* at 4, Dkt. 2. The civil cover sheet submitted with her complaint, more specifically, requests $178,588,500.00 in damages. *Id.* at 5. The Court will construe this to request both damages and injunctive relief (restoration

of her children and the property).

Any claim against state officers for a violation of the federal constitution must be brought pursuant to 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Importantly, a § 1983 claim may only be brought against a "person," a term which "encompasses state and local officials sued in their individual capacities, private individuals and entities which acted under color of state law, and local governmental entities." *Vance v. County of Santa Clara*, 928 F. Supp. 993, 995–96 (N.D. Cal. 1996). Although "the County is a proper defendant in a § 1983 claim, an agency of the County is not." *Id.* at 996. The prosecutor's office is an agency of Canyon County and is not a proper defendant. *See Wilson v. Washington Trust Bank*, No. 2:16-cv-00430-JLQ, 2017 WL 3597478, at * (E.D. Wash. Aug. 17, 2017) ("[T]he Spokane County Prosecutor's Office would not be a proper defendant in this action.").[1]

---

[1] To bring a claim against a municipality—including a County—a plaintiff must allege a claim under *Monell*. To support a *Monell* claim, the plaintiff must allege (1) they were deprived (Continued)

**MEMORANDUM DECISION AND ORDER - 7**

Similarly, Ms. Tijerina cannot bring a claim directly against the state of Idaho. States have immunity from suit in federal court under the Eleventh Amendment. In certain instances, however, states may be sued, but only where either Congress has abrogated state sovereign immunity or the state has consented to suit. *Micomonaco v. State of Washington*, 45 F.3d 316, 319 (9th Cir. 1995). Neither circumstance exists here. In enacting § 1983, Congress did not abrogate state sovereign immunity. *Milstein v. Cooley*, 257 F.3d 1004, 1007 (9th Cir. 2001) ("[T]he Supreme Court has attributed to the Congress that passed § 1983 knowledge of then-existing common-law immunities, and the lack of an explicit abrogation of these immunities has been interpreted as preserving them."). Similarly, the State of Idaho has not waived its immunity for constitutional claims. *See e.g.*, *Nevarez v. Idaho State Correctional Institution*, No. 1:23-cv-00122-BLW, 2023 WL 4205593, at *2 (D. Idaho June 27, 2023). As such, Ms. Tijerina may not bring a claim against the state of Idaho for federal constitutional violations.

That said, there is a limited exception to this bar under the doctrine of *Ex*

---

of a constitutional right; (2) the municipality had a policy; (3) the policy amounted to deliberate inference; and (4) the policy was the moving force behind the constitutional violation. *Lockett v. County of Los Angeles*, 977 F.3d 737, 741 (9th Cir. 2020). As described above, Ms. Tijerina has not pled an underlying violation by an individual officer to give rise to any § 1983 claim, including a *Monell* claim.

**MEMORANDUM DECISION AND ORDER - 8**

parte Young, 209 U.S. 123 (1908), which permits a plaintiff to bring a claim "for prospective declaratory or injunctive relief against state officers in their official capacities for alleged violation of federal law." *Coalition to Defend Affirmative Action v. Brown*, 674 F.3d 1128, 1134 (9th Cir. 2012). The only state officials named in the Complaint are the two state court judges. This exception, however, "does not normally permit federal courts to issue injunctions against state-court judges." *Munoz v. Superior Court of Los Angeles County*, 91 F.4th 977, 980 (9th Cir. 2024) (quoting *Whole Woman's Health v. Jackson*, 595 U.S. 30, 39 (2021) (explaining judges "do not enforce state laws as executive officials might" and any errors may "be remedied through" appeal"). As such, Ms. Tijerina has not named a state official to invoke the *Ex parte Younge* exception to state a claim for injunctive relief. Ms. Tijerina, then, cannot bring a claim against the State of Idaho directly nor against the Canyon County Prosecutor's Office as neither entity is a person under the statute.

Further, even against the individually named defendants, Ms. Tijerina has not adequately pled a violation of her constitutional rights to support a § 1983 claim. She broadly alleges the defendants violated her constitutional rights, however, she does not specify which defendants violated which of her rights. It seems her claim may extend, at least in part, from an allegation of false

**MEMORANDUM DECISION AND ORDER - 9**

detainment, which would mostly likely constitute a claim under the Fourth and Fourteenth Amendment. She, however, provides no additional information about this claim. It's not clear from the Complaint what conduct, by which defendants resulted in a violation of her constitutional rights. Put simply, the Complaint is missing the description of what happened that led to her filing this claim. Even under the liberal pleading standards for pro se litigants, Ms. Tijerina must allege additional facts.

C. **Leave to Amend**

Courts should "freely give leave to amend when justice so requires." Fed. R. Civ. P. 15(a)(2). This standard should be "applied with extreme liberalty," *Eldridge v. Block*, 832 F.2d 1132, 1135 (9th Cir. 1987), and leave should only be denied when "it is clear that the complaint could not be saved by amendment." *Kendall v. Visa U.S.A., Inc.*, 518 F.3d 1042, 1051 (9th Cir. 2008). Leave to amend should be granted even when no request is made. *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc). The Court will grant Ms. Tijerina leave to amend her Complaint.[2]

---

[2] That said, Ms. Tijerina is advised that she cannot state a claim under the Hobbs Act because it is not a legally cognizable claim. Accordingly, an amended complaint should not include a claim under the Hobbs Act.

**MEMORANDUM DECISION AND ORDER - 10**

In her amended complaint, Ms. Tijerina must provide additional facts to support her claims. For instance, to state a claim under the Hague Convention and ICACA, Ms. Tijerina must allege facts indicating that the other parent of her children kidnapped them and took them to another country. If such facts do not exist, then Ms. Tijerina cannot support a claim under the Convention. Similarly, to allege a violation of state trust laws, Ms. Tijerina must indicate which state trust law forms the basis of her claim and the underlying facts supporting that claim.

Finally, to state a § 1983 claim Ms. Tijerina must allege a violation of a specific constitutional right. She must also provide additional information that more describes how the individual defendants violated her constitutional or statutory rights that have resulted in her filing this lawsuit. The Court also advises Ms. Tijerina that judges and prosecutors have absolute immunity from suit when they are acting within the scope of their duties. *Milstein*, 257 F.3d at 1007. From what the Court can tell, this claim arises out of Ms. Tijerina's state criminal case. It seems likely, then, that the defendants' actions underlying these claims were performed within the scope of their duties. If this is indeed the case, Ms. Tijerina's claims would be barred. This immunity is broad. It applies even "when the[ ] actions are erroneous, malicious, or in excess of judicial authority." *Tanner v. Heise*, 879 F.2d 572, 576 (9th Cir. 1989); *see also Ashelman v. Pope*, 793 F.2d

**MEMORANDUM DECISION AND ORDER - 11**

1072, 1075 (9th Cir. 1986) ("Judicial immunity applies 'however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff.").[3]

## ORDER

IT IS ORDERED that:

1. Plaintiff's application to proceed in forma pauperis (Dkt. 1) is **GRANTED**.

2. Plaintiff's Complaint (Dkt. 2) is dismissed with leave to amend.

3. Any amended complaint must be filed within 30 days of this order. If no amended complaint is filed, the case will be dismissed without further notice.

DATED: March 25, 2024

B. Lynn Winmill
U.S. District Court Judge

---

[3] This, alone, may be grounds for dismissal of Ms. Tijerina's claims with prejudice, however, the Court simply cannot tell from the Complaint whether absolute immunity would apply to any claim against the state prosecutors and judges. *See Goo v. Rullo*, No. 22-55399, 2023 WL 2207109, at *1 (9th Cir. Feb. 24, 2023) (affirming dismissal of IFP Complaint based on absolute immunity). As such, at this time, the Court is not dismissing Ms. Tijerina's claim on that basis.