UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JESSICA ANN TIJERINA,<br><br>Plaintiff,<br><br>v.<br><br>BRADLEY JAY LITTLE, et al.,<br><br>Defendants. | Case No. 1:24-cv-00093-BLW<br><br>**MEMORANDUM DECISION AND ORDER** |

## INTRODUCTION

Before the Court is Jessica Ann Tijerina's First Amended Complaint (Dkt. 5). The Court has already granted her request to proceed *in forma pauperis*. *See Order*, Dkt. 4. Because she is proceeding in forma pauperis, 28 U.S.C. § 1915(e)(2)(b), the Court may "dismiss the case at any time if the court determines . . . the action . . . fails to state a claim on which relief may be granted." For the reasons discussed below, Ms. Tijerina's Amended Complaint is dismissed with limited leave to amend.

## BACKGROUND

In July 2023, Ms. Tijerina was extradited to Idaho based on a warrant for her arrest on charges for custodial interference and kidnapping. Dkts. 5-7 & 5-8. She

**MEMORANDUM DECISION AND ORDER - 1**

claims her ex-husband, Roger Dale Stevens II, and his wife, Anna May Hogan Stevens, made a misleading report to Idaho police that she had taken custody of her children without the authority to do so. *Am. Complaint* at ¶ 2, Dkt. 5. This report then kicked off the investigation, extradition, and arrest of Ms. Tijerina that underlies her Amended Complaint. All of her claims appear to arise out of that proceeding and the associated investigation.

In January 2024 she filed an application to proceed in forma pauperis and complaint. Dkt. 1. She alleged constitutional claims as well as claims under Idaho state trust laws, the Hobbs Act, and the Hague Convention against the State of Idaho, Canyon County Prosecutors, and several state court judges. *See Complaint*, Dkt. 2. The Court granted her application for leave to proceed in forma pauperis but dismissed her Complaint with leave to amend. *Order*, Dkt. 4. Ms. Tijerina then filed her Amended Complaint which alleges over twenty causes of action against nearly thirty individual defendants.

## LEGAL STANDARD

Because Ms. Tijerina is proceeding in forma pauperis, the Court will screen the Amended Complaint under 28 U.S.C. § 1915. The Court must dismiss a case if it determines that the case is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; (iii) seeks monetary relief against a defendant who is

immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i–iii); *see also O'Neal v. Price*, 531 F.3d 1146, 1151 (9th Cir. 2008). During this initial review, courts construe pro se pleadings liberally, giving pro se plaintiffs the benefit of any doubt. *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). Even so, plaintiffs— represented or not—must articulate their claims clearly and allege facts sufficient to support the review of each claim. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992).

Under Federal Rule of Civil Procedure 8(a), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). A plaintiff must plead "enough facts to state a claim that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), which requires that "the plaintiff plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  In reviewing the sufficiency of a complaint, the Court must "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the" plaintiff. *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). The Court is not, however, required to "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Fayer v. Vaughn*,

649 F.3d 1061, 1064 (9th Cir. 2011) (internal citation omitted).

## ANALYSIS

Ms. Tijerina's Amended Complaint alleges twenty-one counts against twenty-eight defendants. These defendants range from the Governor to public defenders to Ms. Tijerina's ex-husband and his wife. This contrasts with Ms. Tijerina's original complaint which alleged four claims against the State of Idaho, Canyon County Prosecutors, and two judges in Canyon County. *Complaint*, Dkt. 2.

There are several problems with Ms. Tijerina's Amended Complaint. First, several defendants against whom she seeks damages are immune from suit. Second, the majority of statutes cited as a basis for her claims are criminal statutes that do not confer a private right of action. Third, she has failed to state a claim as to any of her other claims. Finally, even construing her Amended Complaint as including a claim pursuant to 28 U.S.C. § 1983—which she has not pled—she still cannot state a claim. The Court will address each issue in turn.

### A.    Immunity

At least fifteen of the defendants against whom Ms. Tijerina brings her claims are immune from civil suit. The Court will dismiss the claims against these defendants. *See Goo v. Rullo*, No. 22-55399, 2023 WL 2207109, at *1 (9th Cir. Feb. 24, 2023) (affirming dismissal of IFP Complaint based on absolute

immunity). Several forms of immunity are relevant here: Eleventh Amendment immunity, judicial immunity, quasi-judicial immunity, and prosecutorial immunity. The Court will address each type of immunity below.

### 1. Official Capacity Claims

Ms. Tijerina's Amended Complaint alleges claims against several state officials including the Governor, Attorney General, Secretary of State, and Secretary of the Treasury. It is not clear from her Amended Complaint whether these claims are brought against these defendants in their individual or official capacities. To the extent any of these claims are brought against any defendant in their official capacity, such claims are barred by the Eleventh Amendment because any damages would run against the State's treasury. *Confederated Tribes and Banks of Yakama Indian Nations v. Locke*, 176 F.3d 467, 469 (9th Cir. 1999).

There are three exceptions to sovereign immunity, but none apply here. First, the Eleventh Amendment will not bar suit when the state explicitly consents. *Id.* Second, it is not a bar when Congress abrogates state sovereign immunity. *Seminole Tribe of Florida v. Florida*, 517 U.S. 44, 55–56 (1996). Third, the Eleventh Amendment does not bar suit when a plaintiff is suing a government official for prospective injunctive relief. *Ex Parte Young*, 209 U.S. 123 (1908). As such, any official capacity claim is dismissed.

## 2. Judicial Immunity

Ms. Tijerina alleges claims against five state court judges: Matthew Thompson, Timothy Darrington, Kyle Schou, Lauier Fortier, and G. Richard Bevan.[1] "Judicial officers enjoy absolute immunity from civil damages liability for judicial acts not taken in the clear absence of all jurisdiction." *See Ryan v. Bilby*, 764 F.2d 1325, 1328 (9th Cir. 1985). This immunity is broad. It applies even "when the[ ] actions are erroneous, malicious, or in excess of judicial authority." *Tanner v. Heise*, 879 F.2d 572, 576 (9th Cir. 1989); *see also Ashelman v. Pope*, 793 F.2d 1072, 1075 (9th Cir. 1986) ("Judicial immunity applies 'however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff.'").

Here, Ms. Tijerina has not alleged any lack of jurisdiction and all of the claims in the Amended Complaint arise from judicial acts, including issuing warrants and denying or dismissing Ms. Tijerina's motions. *See Am. Complaint* at ¶ 7, 17, 19, 21, 29, 30, 31, 37, Dkt. 5. As such, the Court will dismiss all claims against the judicial defendants.

---

[1] Ms. Tijerina attached her motion to intervene in a state case. Dkt. 5-12. The caption of that motion identifies the official roles of many of the defendants against whom Ms. Tijerina now brings claims against. *Id.* The Court has relied on the representations in that motion to identify the defendants as Ms. Tijerina's Amended Complaint does not include this information.

Additionally, "[a] similar immunity extends to other court personnel when performing tasks that are related to the judicial process." *Raiser v. Gelmis*, No. 22-62-BLG-SPW-KLD, 2023 WL 121222, at *5 (D. Mont. Jan. 6, 2023) (citing *Mullis v. U.S. Bankr. Court for Dist. Of Nev.*, 828 F.2d 1385, 1390 (9th Cir. 1987)). Here, Ms. Tijerina brings claims against several judicial clerks: Chelsie Johnson, Chris Yamamoto, Rick Hogaboam, and Trent Tripple. "Court clerks have absolute quasi-judicial immunity from damages for civil rights violations when they perform tasks that are an integral part of the judicial process." *Mullis*, 828 F.2d at 1390. All of the alleged conduct by the court clerks are "properly characterized as integral parts of the judicial process." *Id.* These allegations include accepting or refusing to file documents, processing documents related to Ms. Tijerina's extradition, and certifying documents. *See Am. Complaint* at ¶ 19, 21, 33, 38, 40, Dkt. 5. As such, these defendants are also immune and the claims against them are dismissed.

### 3. Quasi-Judicial Immunity

Finally, Ms. Tijerina's claim against Governor Little is barred because, even if she is suing Governor Little in his individual capacity, he has quasi-judicial immunity. *Miller v. Davis*, 521 F.3d 1142, 1145 (9th Cir. 2008). As explained above, judges have absolute immunity from liability for acts taken "in the exercise

of their judicial functions." *Id.* (citation omitted). The Ninth Circuit has held that this judicial immunity extends "to other public officials who perform activities that are 'functionally comparable' to those of judges." *Id.* (citing *Butz v. Economou*, 438 U.S. 478, 513 (1978)).

Several jurisdictions have held, and this Court agrees, that a Governor is absolutely immune from suits arising from their issuance of an extradition warrant because "[t]he issuance of a warrant is a uniquely judicial function." *Cote v. Kontos*, No. 88 C 4751, 1989 WL 10854, at *3 (N.D. Ill. Feb. 8, 1989); *White v. Armontrout*, 29 F.3d 357, 360 (9th Cir. 1994); *Overall v. Univ. of Penn.*, 412 F.3d 492, 497 (3d Cir. 2005) ("[Q]uasi-judicial privilege should be extended to. . .a governor of a State of the United States engaged in an extradition hearing."). The allegations against Governor Little are related to his role in ordering Ms. Tijerina's extradition. *Am. Complaint* at ¶ 20–21, Dkt. 5. Any claim against Governor Little arising from the extradition warrant is barred and Ms. Tijerina's claims against the Governor are dismissed.

### 4. Prosecutorial Immunity

Prosecutors are similarly absolutely immune from damages liability for actions "intimately associated with the judicial phase of the criminal process." *Torres v. Goddard*, 793 F.3d 1046, 1051 (9th Cir. 2015) (quoting *Imbler v.*

*Patchman*, 424 U.S. 409, 430 (1976)). This extends to acts such as the "initiation of a prosecution and presentation of the state's case" and when "performing the traditional functions of an advocate." *Torres*, 793 F.3d at 1051. Prosecutors, however, are not immune when acting as an administrator or investigative officer. *Id.* Ms. Tijerina's Amended Complaint alleges claims against four Canyon County Prosecutors, Kyra Venecia, Bryan Taylor, Doug Robertson, and Jared Smith as well as the Raul Labrador, the Idaho Attorney General.

Ms. Tijerina alleges Doug Robertson and Jared Smith filed criminal complaints against her. *See Am. Complaint* at ¶ 5; Dkt. 15-10. The filing of a criminal complaint falls squarely within prosecutorial immunity, even when such an act is done with malice. *Ashelman*, 793 F.2d at 1075. Ms. Tijerina alleges that Bryan Taylor assisted in obtaining her arrest and extradition warrant. *Am. Complaint* at ¶19. This conduct, similarly, is intimately associated with the judicial phase of the criminal process. *Brooks v. Fitch*, 534 F. Supp. 129, 132 (D. N.J. 1981) ("[T]he decisions to extradite and to issue an arrest warrant fall within the scope of absolute immunity."). As such, Bryan Taylor, Jared Smith, and Bryan Taylor are immune from suit.

Ms. Tijerina's claims against Kyra Venecia are more difficult to parse. The Amended Complaint alleges Kyra Venecia "ignored facts and concealed evidence

as all but one warrant is missing from discovery," failed to produce discovery that included the requested file, and "denied foundational evidence and refused" a call with Craig Gregory showing plaintiff was not in Idaho. *Am. Complaint* at ¶ 26, Dkt. 5. Ms. Tijerina further alleges Kyra Venecia ignored that the case lacked merit. *Id.* It appears this claim is based on the continued prosecution of the case against Ms. Tijerina—actions which would be subject to absolute immunity. *Torres*, 793 F.3d at 1051.[2] As such, any claim against Kyra Venecia is dismissed.

Similarly, Ms. Tijerina's claims against the Attorney General, even if brought against him in his individual capacity, are nonetheless barred by absolute immunity. Ms. Tijerina alleges that Attorney General Labrador's role in her extradition violated her constitutional rights. *Am. Complaint* at ¶ 21, Dkt. 5. Absolute immunity applies to prosecutors for their role in extradition proceedings. *Dababnah v. Keller-Burnside*, 208 F.3d 467, 472 (4th Cir. 2000) (collecting cases). As such, any claim against Attorney General Labrador is dismissed.

### B.     Criminal Causes of Action

---

[2] To the extent any of Kyra Venecia's actions are not covered by absolute immunity, Ms. Tijerina appears to allege that Kyra Venecia violated her rights under the Ninth Amendment. *Am. Complaint* at ¶ 26, Dkt. 5 (stating "[t]he enumeration of rights shall not be construed to impair or deny other rights retained by the people."). The Ninth Amendment, however, does not create a constitutional right for the purposes of a civil rights action. *Strandberg v. City of Helena*, 791 F.2d 744, 748 (9th Cir. 1986).

Ms. Tijerina cites to several constitutional provisions and statutes that, as the Court understands it, underlie the twenty-one claims in the Amended Complaint. The majority of these statutes are criminal statutes, which do not confer a private right of action. "Plaintiff, as a private citizen, has no authority to bring claims under criminal statutes." *El v. Kelly*, No. 2:21-cv-53-JAM-KJN PS, 2021 WL 218039, at *1 (citing *Allen v. Gold Country Casino*, 464 F.3d 1044, 1048 (9th Cir. 2006)). "Instead, [a] statute must either explicitly create a private right of action or implicitly contain one." *In re Digimarc Corp. Derivative Litig.*, 549 F.3d 1223, 1230 (9th Cir. 2008). From what the Court can discern from the Amended Complaint, the following claims are based upon statutes that do not confer a private right of action and will be dismissed: color of official title, fraud, extortion, racketeering, violations of oath,  kidnapping, criminal coercion, harassment, concealment of records, lying government officials, and perjury. [3] There were two

---

[3] *See Frison v. Zebro*, 339 F.3d 994, 999 (8th Cir. 2003) (18 U.S.C. § 912 does not provide a right of action); *Olufemi v. Exclusive Ass'n Mgmt., Inc.*, No. 1:22-CV-01391-SEG-JEM, 2022 WL 18780930, at *5 (N.D. Ga. Dec. 14, 2022) (same as to 18 U.S.C. § 1342); *Boyer v. Bruno*, No. 23-CV-1192, 2023 WL 4602684, at *3 (E.D. Penn. Jul. 17, 2023) (same as to 42 U.S.C. § 408); *El v. Kelly*, No. 2:21-cv-53-JAM-KJN PS, 2021 WL 218039, at *2 (E.D. Cal. Jan. 21, 2021) (same as to 18 U.S.C. § 878); *Lavelle v. Lavelle*, No. CV-07-039-RHW, 2007 WL 4418170, at *2 (E.D. Wash. Dec. 14, 2007) (same as to 18 U.S.C. § 1016); *Thorpe v. Township of Salisbury, Pennsylvania*, No. 5:21-cv-04261, 2022 WL 897764, at *4 (E.D. Penn. Mar. 28, 2022) (no private right of action under 18 U.S.C. § 1514); *Dunn v. Moll*, No. 22-35545, 2024 (Continued)

**MEMORANDUM DECISION AND ORDER - 11**

other criminal statutes cited that do not appear relevant to any claim, however, to the extent Ms. Tijerina brings any claim based on these statutes, they are dismissed.[4]

## C.   Failure to State a Claim

Ms. Tijerina's first Complaint alleged violation of state trust laws, the Hobbs Act, and the Hague Act. Ms. Tijerina appears to have abandoned those claims in favor of several new claims. Ms. Tijerina, however, has not stated a claim on which relief can be granted. The Court will address each of her remaining claims in turn.

### 1.  Silence, Dishonor, Default, & Agency by Estoppel

Ms. Tijerina does not appear to cite any provision in support of these causes of action. The Court is unaware of any basis for either claim based on silence or dishonor. Similarly, neither default nor agency by estoppel are relevant to the facts

---

WL 813470, at *1 (9th Cir. 2024) (same as to 18 U.S.C. § 2071); *Ongori v. Golden*, No. 2:16-cv-00151, at *2, 2016 WL 6518268, at *2 (W.D. Mich. Nov. 3, 2016) (same as to 18 U.S.C. § 2076); *Rigor v. Sacramento LGBT Community Center*, No. 2:24-cv-36-DJC-KJN PS, 2024 WL 870836, at *3 (E.D. Cal. Feb. 28, 2024) (same as to 18 U.S.C. § 1001); *Zajac v. Clark*, No. 2:13-cv-00714-FtM-29DNF, 2015 WL 179333, at * 8 (M.D. Fl., 2015) (neither 18 U.S.C. §§ 1621 and 1622 give rise to a private cause of action).

[4] 18 U.S.C. § 4 makes it a crime to know of a felony and not report it, but it does not give rise to a private right of action. *Pankey v. Webster*, 816 F. Supp. 553, 559 (W.D. Mo. 1993). Additionally, 18 U.S.C. § 1661 criminalizes robbery ashore when an individual is "engaged in any piractical cruise or enterprise" which has no relation to plaintiff's claims.

alleged by Ms. Tijerina. As such the Court will dismiss all four claims.

### 2. Negligence

Ms. Tijerina has not stated a claim for negligence. "The elements of a common law negligence action are (1) a duty, recognized by law, requiring the defendant to conform to a certain standard of conduct; (2) a breach of that duty; (3) a causal connection between the defendant's conduct and the resulting injury; and (4) actual loss or damage." *Yellowstone Log Homes, LLC v. City of Rigby*, 540 P.3d 990, 999 (Idaho 2023). For one, Ms. Tijerina does not allege that any of the twenty-eight defendants acted negligently or what, if any, duty those defendants owed her. Absent a legal duty, Ms. Tijerina cannot state a claim for negligence. As such, the Court will dismiss Ms. Tijerina's negligence claim.

### 3. Trespass to Chattels

Trespass to chattels is an intentional interference with another person's personal property. *State v. Dorff*, 526 P.3d 988, 996 (Idaho 2023). Ms. Tijerina has not alleged that any defendant interfered with her personal property. As such, there can be no trespass to chattel and that claim is dismissed.

### 4. Trafficking & Slavery

Ms. Tijerina alleges violations of several provisions of the Trafficking Victims Protection Act. 18 U.S.C. § 1589 et seq. The Act provides victims with a civil remedy against those who violate any provision of the act. 18 U.S.C. § 1595.

**MEMORANDUM DECISION AND ORDER - 13**

Ms. Tijerina cites to four provisions of the Act: 18 U.S.C. §§ 1581, 1584, 1589, 1593A. She, however, has not stated a violation of any provision because she has not pled sufficient facts to show how any defendant "held [her] in a condition of peonage of compelling [her] into involuntary servitude or forced labor." *McCracken v. Bryan*, No. 21-35883, 2022 WL 10382790, at *1 (9th Cir. Oct. 18, 2022) (affirming dismissal of claim alleging violations of 18 U.S.C. §§ 1581, 1584, 1589). Similarly, she has not alleged that any defendant knowingly benefited "financially or by receiving anything of value" for participating in trafficking or forced labor. 18 U.S.C. § 1593A. As such, her claims under the Act are dismissed.

**D.    § 1983 Claim**

Turning now to Ms. Tijerina's constitutional claims. Ms. Tijerina alleges the defendants violated her constitutional rights under color of law. This claim must be brought pursuant to 42 U.S.C. § 1983, rather than the criminal civil rights statutes 18 U.S.C. §§ 241 and 242 cited by Ms. Tijerina. The Court will treat her claim as brought under § 1983. To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States and that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

**1.  Color of State Law**

To state a claim under § 1983, Ms. Tijerina must show that each defendant acted under the color of state law. *Id.* "[G]enerally, a public employee acts under color of state law while acting in his official capacity or while exercising his responsibilities pursuant to state law." *Id.* at 50. Public defenders, though employed by the state, do "not act under state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk County v. Dodson*, 454 U.S. 312, 325 (1981). Here, Ms. Tijerina's claims against two public defenders, Greg Ferny and Aaron Bazzoli, are based upon their traditional functions as counsel. *Am. Complaint* at ¶ 34, Dkt. 5. They appear to be the public defenders representing Ms. Tijerina in her state criminal proceeding. As such, she cannot state a § 1983 claim against either defendant.

Similarly, "[a]ction[s] taken by a private individual may be 'under color of law' where there is 'significant' state involvement in the action." *Howerton v. Gabica*, 708 F.2d 380, 382 (9th Cir. 1983). Three of the defendants appear to be private individuals: Roger Dale Stevens II, Anna May Hogan Stevens, and Brett William Schoufler. Ms. Tijerina, however, has not alleged any significant state involvement in the action of the three non-state actors.

Roger and Anna Stevens are Ms. Tijerina's ex-husband and his wife. The main allegations against Roger and Anna Stevens are the filing of a misleading

police report than prompted the entire course of events that followed. *Am.*

*Complaint* at ¶ 3, Dkt. 5. Brett Schoufler is only referred to as an attorney, with no

additional information in the Amended Complaint. The allegations against him

include harassing the Ms. Tijerina with false allegations and summons related to

child support. *Id.* at ¶ 41. None of these allegations suggest any state involvement

let alone "significant" state involvement. As such, any § 1983 claims against these

individuals are dismissed.

### 2.  Failure to State a Claim Against Any Defendant

Ms. Tijerina's § 1983 claims against the remaining defendants fail to meet

the pleading standard under *Iqbal* and *Twombly*. At a high level, it is not clear from

the Amended Complaint which defendants she claims violated which of her rights.

She cites, broadly, to the First, Third, Fourth, Fifth, Sixth, Eighth, Ninth and Tenth

Amendments as the basis for her claim.[5] Further, the Amended Complaint does

explain what conduct forms the basis of any alleged rights violation. It appears Ms.

Tijerina has alleged claims against any individual involved in any way in her

extradition. In general, these claims are conclusory and fail to state a claim against

---

[5] For one, neither the Ninth nor Tenth Amendment can serve as a basis for a private cause of action under the § 1983. *Strandberg v. City of Helena*, 791 F.2d 744, 748–49 (9th Cir. 1986) (Ninth Amendment).

any defendant. The Court will, nonetheless, address the allegations against each defendant in turn.

> ### a.  Kierin Donahue and Mary Hoagland

Ms. Tijerina alleges that Kierin Donahue, the Canyon County Sheriff, and Mary Hoagland "refused to uphold the Constitution by denial of Constitutional rights by way of unwarranted extradition and pretrial release." *Am. Complaint* at ¶ 32, Dkt. 5. This allegation is entirely conclusory. She provides no facts that show which constitutional rights either individual violated. From the attachments Ms. Tijerina included, it appears that Sheriff Donahue was involved in receiving Ms. Tijerina upon her extradition from Texas. *See* Dkts. 5-8 & 5-9. These allegations cannot form the basis of a § 1983 claim because she has not alleged any conduct by Sheriff Donahue or Mary Hoagland that plausibly states a claim for a constitutional violation. Accordingly, Ms. Tijerina's claims against Sheriff Donahue and Mary Hoagland are dismissed.

> ### b.  James L. Davis

Ms. Tijerina alleges that James Davis responded to an email from her by stating "the case was being reviewed by prosecutor." *Am. Complaint* at ¶ 6, Dkt. 5. She states she then sent him documentation that she was not in Idaho and had not been in the state for over two years as well as documentation that her children live

with her. *Id.* Ms. Tijerina also attached an email she sent to James Davis. Dkt. 5-15. This does not form the basis for a constitutional violation. Ms. Tijerina has not alleged the violation of a constitutional right nor could she have based merely on an email she sent to law enforcement. Accordingly, her claims against James Davis are dismissed.

### c. Bridgett Kernan

Ms. Tijerina alleges that Bridgett Kernan "stated in her investigation there was no interest of justice and prosecutor would not file" and later "stated [in] an email. . . the case would be considered," and received a search warrant for Ms. Tijerina's phone. *Am. Complaint* at ¶ 8–10, Dkt. 5. She claims this search warrant was an unreasonable search and seizure and obtained without adequate process. *Id.* Ms. Tijerina has not alleged sufficient facts to support this allegation. Her allegations are conclusory as they simply state that the search warrant was obtained without process and constituted an unreasonable search and seizure without alleging why or how. The Court will dismiss this claim.

### d. Craig Gregory

Ms. Tijerina alleges that Craig Gregory received a misleading report from Anna and Dale Stevens and failed to adequately investigate the claims before adding her children to a NCIC list. *Id.* at ¶ 2–4. She also alleges that he removed

them from that list once she called and informed him the children were not missing. *Id.* at ¶ 4. Ms. Tijerina has not plausibly pled a violation of any constitutional right. As such, any claim against Craig Gregory is dismissed.

### e.   Robert Rinard

Ms. Tijerina alleges Robert Rinard "has a lien against plaintiff for a case that was disposed of in Texas" due to the misleading police report filed by Anna and Roger Stevens. *Id.* at ¶ 35. This allegation lacks any factual allegations that support a constitutional claim. The Court will dismiss any claim against Robert Rinard.

### f.   Julie Ellsworth

Ms. Tijerina alleges Julie Ellsworth "is executing documents and signing for treasury account monies that plaintiff has sole authority to do so." *Id.* at ¶ 36. Ms. Tijerina provides no additional information or authority in support of this claim including which constitutional rights Julie Ellsworth violated and what documents or treasury account monies she signed for without authority. This claim has no factual or legal basis, so the Court will dismiss the claim against Julie Ellsworth.

### g.   Phil McGrane

Ms. Tijerina alleges Phil McGrane was one of many defendant who "agreed to [a] document for extradition bypassing general counsel and showing neglect for any and all due process." *Id.* at ¶ 21. Looking, however, to the attachments provided by Ms. Tijerina it appears Phil McGrane, as secretary of state, simply

certified that the elected officials executing the warrant were "duly elected, qualified," and acting in their official capacities. Dkt. 5-9, at 2. This cannot give rise to a constitutional claim. Accordingly, any claim against Secretary McGrane is dismissed.

### E.     Leave to Amend

Courts should "freely give leave to amend when justice so requires." Fed. R. Civ. P. 15(a)(2). "[P]ro se plaintiffs proceeding in forma pauperis 'must also be given an opportunity to amend their complaint unless it is 'absolutely clear that the deficiencies of the complaint could not be cured by amendment.'" *Tripati v. First Nat'l Bank & Trust*, 821 F.2d 1368, 1370 (9th Cir. 1987) (citation omitted). Leave to amend should be granted even when no request is made. *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (en banc). Leave to amend, however, is not required where it would be futile because "it's clear no amendment can cure the defects in the complaint." *Khan v. Bush*, No. C-93-1342 EFL, 1993 WL 128083, at *1 (N.D. Cal. 1993). The Court will grant Ms. Tijerina limited leave to amend only her negligence claim and her § 1983 claim against the non-immune defendants.

As previously explained to Ms. Tijerina, to state a claim under § 1983 she must allege a state officer violated a specific constitutional right. She must identify which constitutional right an individual defendant violated and describe the

conduct by that defendant that resulted in the rights violation. Ms. Tijerina must

allege all of this information for each separate defendant. Merely stating that a

defendant acted unconstitutionally does not meet the required pleading standard.

For her negligence claim, Ms. Tijerina must allege: (1) a duty, recognized by

law, requiring the defendant to conform to a certain standard of conduct; (2) a

breach of that duty; (3) a causal connection between the defendant's conduct and

the resulting injury; and (4) actual loss or damage. She must specifically identify

against whom the claim is brought and the duty owed by each defendant. To the

extent Ms. Tijerina intends to allege a negligence claim against the law

enforcement officers for negligent investigation, she may not do so because there is

no duty for law enforcement to conduct investigations in a non-negligent manner.

*See Moore v. City of Bonners Ferry*, No. 2:22-cv-00376-BLW, 2024 WL 1051396,

at *5 (D. Idaho Mar. 11, 2024). If Ms. Tijerina intends to allege a claim other than

one based on a negligent investigation, she may amend her Complaint to do so.

That said, she may not amend either claim to include any immune defendant.

The Court has explained that several of the defendants against whom Ms. Tijerina

has brought her claim are immune from suit. This includes the Governor, Attorney

General, state court judges, prosecutors, and other court staff. Amending the

Complaint as to any claim against these defendants is futile because the allegation

of additional facts cannot cure the fact of immunity.

Additionally, the Court will not grant leave to amend any other claim because amendment would be futile. First, amendment of any claim that does not confer a private right of action is futile because no additional facts can create a cognizable claim under these statutes. *See El*, 2021 WL 218039, at *2 (dismissing a complaint as frivolous when claims were based on criminal statutes). This category encompasses the majority of Ms. Tijerina's claims. Similarly, amendment of her trespass to chattel, silence, dishonor, default or agency by estoppel claims is futile as they lack a basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (a claim is frivolous and subject to dismissal where "it lacks an arguable basis in either fact or law."). The same is true of her trafficking and slavery claims. Ms. Tijerina was extradited to Idaho—she was not "held in condition of peonage," forced into involuntary servitude nor did any defendant benefit financially because of her condition of peonage or forced labor. *McCracken*, 2022 WL 10382790, at *1 (affirming dismissal of claim alleging violations of 18 U.S.C. §§ 1581, 1584, 1589); 18 U.S.C. § 1593A.

Accordingly, Ms. Tijerina is granted only a limited leave to amend. If Ms. Tijerina is unable to state a claim in her amended complaint, the Court would be unlikely to grant Ms. Tijerina a third opportunity to amend her complaint and her

case will be dismissed. *Griggs v. Pace American Group, Inc.*, 170 F.3d 877, (9th Cir. 1999) ("The trial court's discretion to deny the motion is particularly broad where, as here, a plaintiff previously has been granted leave to amend.").

ORDER

**IT IS ORDERED that:**

1.     Plaintiff's Amended Complaint (Dkt. 5) is dismissed with limited leave to amend.

2.     Plaintiff's negligence and § 1983 claims are dismissed with leave to amend. All other claims are dismissed without prejudice and without leave to amend.

3.     Any amended complaint must be filed within 30 days of the issuance of this Order. If Plaintiff does so, Plaintiff must file (along with the amended complaint) a Motion to Review the Amended Complaint. Alternatively, Plaintiff may file a Notice of Voluntary Dismissal if she no longer intends to pursue this case. If Plaintiff does not file a timely amended complaint, this case may be dismissed without further notice.

DATED: June 24, 2024

B. Lynn Winmill
U.S. District Court Judge

**MEMORANDUM DECISION AND ORDER - 24**