UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| JESSICA ANN TIJERINA,<br><br>Plaintiff,<br><br>v.<br><br>ROGER DALE STEVENS II, ANNA MAY HOGAN STEVENS, CRAIG GREGORY, BRIDGET KERNAN,<br><br>Defendants. | Case No. 1:24-cv-00093-BLW<br><br>MEMORANDUM DECISION AND ORDER |

## INTRODUCTION

Before the Court is Jessica Ann Tijerina's Second Amended Complaint (Dkt. 9). The Court has already granted her request to proceed *in forma pauperis*. *See Order*, Dkt. 4. Because she is proceeding in forma pauperis, 28 U.S.C. § 1915(e)(2)(b), the Court may "dismiss the case at any time if the court determines . . . the action . . . fails to state a claim on which relief may be granted." For the reasons discussed below, Ms. Tijerina's Second Amended Complaint will be dismissed without leave to amend.

## LEGAL STANDARD

Because Ms. Tijerina is proceeding in forma pauperis, the Court will screen

MEMORANDUM DECISION AND ORDER - 1

the Amended Complaint under 28 U.S.C. § 1915. The Court must dismiss a case if it determines that the case is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B)(i–iii); *see also O'Neal v. Price*, 531 F.3d 1146, 1151 (9th Cir. 2008). During this initial review, courts construe pro se pleadings liberally, giving pro se plaintiffs the benefit of any doubt. *Resnick v. Hayes*, 213 F.3d 443, 447 (9th Cir. 2000). Even so, plaintiffs—represented or not—must articulate their claims clearly and allege facts sufficient to support the review of each claim. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992).

Under Federal Rule of Civil Procedure 8(a), a complaint must include "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). A plaintiff must plead "enough facts to state a claim that is plausible on its face," *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), which requires that "the plaintiff plead[ ] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). In reviewing the sufficiency of a complaint, the Court must "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the" plaintiff.

**MEMORANDUM DECISION AND ORDER - 2**

*Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008). The Court is not, however, required to "assume the truth of legal conclusions merely because they are cast in the form of factual allegations." *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011) (internal citation omitted).

## ANALYSIS

The Court dismissed Ms. Tijerina's First Amended Complaint with limited leave to amend. Specifically, the Court indicated that Ms. Tijerina could amend only her negligence and § 1983 claims. Her Second Amended Complaint, however, does not appear to allege any claim based on negligence or § 1983, and instead asserts one claim "based on open account" against four defendants. The Court is not familiar with a state or federal cause of action based on open account. The failure to comply with the Court's order permitting amendment on negligence and/or § 1983, is grounds for dismissal.

Nonetheless, even setting aside Ms. Tijerina's unidentified cause of action, she has not alleged facts sufficient to support a claim for negligence or § 1983 against any defendant. The Court will briefly address the allegations against each defendant below.

### A.   Roger Dale Stevens II and Anna May Hogan Stevens

Based on the Court's limitation on Ms. Tijerina's leave to amend, the only

possible claim against Mr. Stevens or Ms. Stevens is for negligence.[1] As the Court previously explained, § 1983 claims cannot be brought against private individuals. *See Howerton v. Gabica*, 708 F.2d 380, 382 (9th Cir. 1983). Both Mr. Stevens and Ms. Stevens are private individuals.

To allege negligence, Ms. Tijerina must allege "(1) a duty, recognized by law, requiring the defendant to conform to a certain standard of conduct; (2) a breach of that duty; (3) a causal connection between the defendant's conduct and the resulting injury; and (4) actual loss or damage." *Yellowstone Log Homes, LLC v. City of Rigby*, 540 P.3d 990, 999 (Idaho 2023). Ms. Tijerina has not alleged any facts supporting any of these elements against either defendant. As such, her claim against Mr. and Ms. Stevens is dismissed.

### B.  Craig Gregory and Bridgett Kernan

Ms. Tijerina alleges Officer Gregory violated her Third Amendment right to peace and her Fifth Amendment right to due process while Officer Kernan violated her Fifth Amendment right to due process. Again, she cites to several other statutes and sections of the Constitution. The Court will not address these citations as they

---

[1] Ms. Tijerina cites to several criminal statutes as well as portions of the Constitution. None of these citations have any bearing on her negligence claim, so the Court will not address those citations.

**MEMORANDUM DECISION AND ORDER - 4**

do not relate to either a negligence claim or a § 1983 claim. The Court will construe her citations to the Third and Fifth Amendments as attempting to state a claim under § 1983. To state a claim under § 1983, Ms. Tijerina must allege a violation of a right secured by the Constitution and laws of the United States and that the alleged deprivation was committed by a person acting under the color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988).

Ms. Tijerina alleges that Officer Gregory took statements from Mr. and Ms. Stevens, including an incorrect address for Ms. Tijerina. *Compl.* at 2, Dkt. 9. He then went to that address, spoke to the current homeowner, and confirmed Ms. Tijerina did not live there. *Id.* After Ms. Stevens put up posters stating that Ms. Tijerina kidnapped her children, Ms. Tijerina called Officer Gregory, whose number was listed on the flyer. *Id.* She spoke directly with him and explained that there was a previous legal dispute between her and Mr. Stevens. *Id.* Later, after a warrant was issued for her arrest, Ms. Tijerina spoke with Officer Kernan and explained that she was the custodial parent and her kids were not kidnapped. *Compl.* at 2, Dkt. 9. Officer Kernan then obtained search warrants for Mr. Tijerina's location, based on her phone, which showed she was not in Idaho. *Id.*

For one, Officer Gregory and Officer Kernan are "local law enforcement official[s] and the Fifth Amendment only applies to the federal government."

**MEMORANDUM DECISION AND ORDER - 5**

*Bingue v. Prunchak*, 512 F.3d 1169, 1174 (9th Cir. 2008). Accordingly, Ms. Tijerina has no cause of action against either officer. Moreover, even if she had properly invoked the Fourteenth Amendment, which applies against state officials, she has not alleged a due process violation based on the conversations with either officer or Officer Kernan obtaining a warrant. Finally, the Third Amendment is plainly inapplicable here. The Third Amendment states "[n]o Soldier shall, in time of peace be quartered in any house, without the consent of the Owner, not in time of war, but in a manner to be prescribed by law." U.S. CONST. AMEND. III. Ms. Tijerina has not alleged that any solider—or anyone—was "quartered" in her home for any amount of time. As such, her claims against Officers Kernan and Gregory are dismissed.

### C.     Leave to Amend

The Court will dismiss Ms. Tijerina's Second Amended Complaint without leave to amend and dismiss this case without prejudice. Ms. Tijerina has repeatedly failed to allege even one cognizable cause of action against any defendant despite the Court's explanation of the appropriate statutes and standards. *Griggs v. Pace American Group, Inc.*, 170 F.3d 877, 879 (9th Cir. 1999) ("The trial court's discretion to deny the motion [to amend] is particularly broad where, as here, a plaintiff previously has been granted leave to amend."). The Court provided Ms.

MEMORANDUM DECISION AND ORDER - 6

Tijerina notice that a third opportunity to amend her complaint would be unlikely. As such, granting Ms. Tijerina leave to file a fourth complaint is futile.

## ORDER

**IT IS ORDERED that** Plaintiff's Second Amended Complaint (Dkt. 9) is **DISMISSED without leave to amend and without prejudice.**

DATED: January 21, 2025

B. Lynn Winmill
U.S. District Court Judge

MEMORANDUM DECISION AND ORDER - 7